IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERICA MICHELLE JONES, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF KENNETH WADE MCNEIL, DECEASED | § § § § § | |
| VS. | § | C.A. NO. 4:19-CV-3567 |
| JAMES CONSTRUCTION GROUP, LLC, STEVIE TRUCKING CORPORATION, AND WILLIAM RAWLINGS | § § § § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1337 and 1441, Allen Lund Company, LLC ("ALC"), hereby provides Notice of the Removal of the above captioned action from the District Court of Harris County to the United States District Court for the Southern District of Texas.

ALC respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal."

**A. Background and applicable procedural requirements.**

1. On February 13, 2019, Jerica Jones, individually and as administratix of the estate of Kenneth McNeil, deceased, initiated suit in the 151st Judicial District Court of Harris County, Texas, as Cause No. 2019-11070 styled as *Jerica Jones, Individually and as Administratix of the Estate of Kenneth McNeil, Deceased Plaintiffs v. James Construction Group, LLC, et al.* (the "State Court Action").

2. ALC was first named as defendant in the State Court Action in Plaintiff's Third Amended Petition which was filed on July 31, 2019, ALC was served with a copy of the summons and Plaintiff's Third Amended Petition in the State Court Action on August 29, 2019. (See Exhibit D.)

3. This Notice of Removal is timely filed because it is being filed within 30 days after receipt of the initial pleading setting forth the claims for relief, as required by 28 U.S.C. §1446(b).

4. Plaintiff alleges in her Third Amended Petition that she sustained damages as a result of an alleged motor vehicle accident that occurred outside of Lafayette, Louisiana on January 24, 2019. Plaintiff alleges that ALC "at all pertinent times was acting as a transportation broker in conjunction with the freight being transported by Defendants, Stevie Trucking Corporation and Williams Rawlings." *See Plaintiff's Third Amended Petition at ¶4.8.* Furthermore, Plaintiff alleges that ALC was negligent for "entrusting the transportation of the freight to Defendants, Steve [sic] Trucking Corporation and Williams Rawlings," for failing "to investigate Defendants, Steve [sic] Trucking Corporation and Williams Rawlings . . . ," and "[o]ther negligent acts or omissions to be proven at trial." *Id.*

**B. This is a case involving the original jurisdiction of this Court and thus subject to removal under 28 U.S.C. § 1331.**

5. This case is removable to this Court under the jurisdictional grant set forth in 28 U.S.C. § 1331, in that Plaintiff's cause of action implicates the Court's original jurisdiction.

6. Plaintiff alleges negligence-based claims against ALC and these claims arise out of alleged personal injuries. As pled, the claims arise from ALC's services as a licensed freight broker arranging for the transportation by motor carrier of goods through interstate commerce.

7. Removal is proper here because ALC is a licensed freight broker which arranges the transportation of goods through interstate commerce and the claims advanced relate to the services provided by ALC. The power of the states to regulate the interstate transportation of goods is expressly constrained by the Interstate Commerce Commission Termination Act ("ICCTA"), which provides, in pertinent part:

> *a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a* price, route, or *service of* any motor carrier ... or any motor private carrier, *broker*, or freight forwarder *with respect to the transportation of property* . . . .

*See* 49 U.S.C. § 14501(c)(1) (emphasis added) and 49 U.S.C. § 14501(b)(1). As has been found by federal district courts, the ICCTA expressly preempts state law claims against freight brokers. Consequently, the claims against a defendant freight broker raise a federal question pursuant to 28 U.S.C.A. § 1331. Specifically, the claims advanced against ALC are a blatant attempt at regulating the "services" offered by a freight broker, *i.e.*, how it chooses a carrier for the transportation of goods through interstate commerce. *See* 49 C.F.R. 371.2(c) which defines freight broker service as: "Brokerage or brokerage service is the arranging of transportation or the physical movement of a motor vehicle or of property." Even though the claims advanced by Plaintiff against ALC sound in state law, those claims fall within the category of claims preempted by 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1) because "[s]tate common law counts as an 'other provision having the force and effect of law.'" *See Non Typical, Inc. v. Transglobal Logistics Grp. Inc.*, Nos. 10–C–1058, 11–C–0156, 2012 WL 1910076, at *2 (E.D. Wis. May 28, 2012) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n. 8 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388 (1992)).

8. The regulation of services provided by a freight broker in interstate commerce has been completely preempted by the express language of 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1). Under the Interstate Commerce Act, a freight broker is:

> a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2). In turn, the term "transportation" includes:

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
>
> (B) *services related to that movement, including arranging for*, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

49 U.S.C. § 13102(23) (emphasis added). As the statutory language makes clear, the "services" provided by a freight broker are those of arranging for the transportation of goods via motor carriers. *See* 49 C.F.R. § 371.2. The claims advanced in the instant litigation against ALC seek to regulate those "services" by imposing a heightened standard of care defined under state common law. Under the doctrine of complete preemption, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2013). Congress has expressly displaced all state law claims seeking to regulate the manner in which freight brokers select motor carriers.

9. Undersigned counsel would note that that they successfully removed cargo damage claims around the country under the foregoing statute. Undersigned would further note that the preemption of negligence based claims against freight brokers is not a new concept in the district courts making up the Fifth Circuit. *Chatelaine, Inc. v. Twin Modal, Inc.*, 737 F. Supp. 2d 638 (N.D. Tex. 2010). As recently as April, a judge in the Southern District of Texas found that negligence based claims against a freight broker were preempted by FAAAA. *Enbridge Energy, LP v. Imperial Freight Inc.*, Case No. H-14-2615, 2019 WL 1858881, at *2 (S.D. Tex. April 25, 2019).

10. This civil action is slightly nuanced in that it advances personal injury claims, but there is no doctrinal reason for a different result.

11. The following cases have found no doctrinal distinction for treating personal injury claims against a freight broker any different from property damage claims against a freight broker:

a. *Natalia Volkova, et al v. C.H. Robinson Company, et al.*, 2018 WL 741441 (Feb. 7, 2018 N.D.Ill.);

b. *Donald J. Krauss, et al v. Iris USA, Inc.*, 2018 WL 2063839 (May 3, 2018 E.D. Penn) (A case that relied in part on *Volkova* to find that personal injury claims against a freight broker are preempted);

c. *Donald J. Krauss, et al v. Iris USA, Inc.*, 2018 WL 3632107 (July 31, 2018 E.D. Penn) (The court addressed the same issue on reconsideration and affirmed);

d. *Miller v. C.H. Robinson Worldwide, Inc.*, Case No. 3:17-cv-00408-MMD-WGC, 2018 WL 5981840, at *4 (D. Nev. Nov. 14, 2018) (finding preemption because liability would significantly impact the broker's services, effectively requiring the broker to perform additional services to avoid liability);

e. *Creagan, Jr., et al v. Wal-Mart Transportation, LLC*, 2018 WL 6523123 (N.D. Ohio Dec. 12, 2018); and,

f. and *Beverly Simpson, et al v. Omega Precision, Inc., et al*, Case No. 34-2017-00210287, Superior Court of the State of California County of Sacramento.

All of the foregoing cases have found that negligence based claims against a freight broker arising from alleged personal injuries are preempted as a matter of federal statutory law.

12. In upholding the preemption afforded freight brokers, Judge Guzman in *Volkova* methodically took apart the common arguments made by plaintiffs in fighting the enforcement of federal preemption:

> The Court, however, respectfully disagrees with the analyses of these courts to the extent that they do not faithfully apply the preemption analysis established by the Supreme Court, as described above. In essence, Plaintiff contends that a proper application of the preemption analysis should be disregarded in a case where the plaintiff is seeking relief for personal injury. (Pl.'s Reply, Dkt. #199, ¶ 7) ("In this case, the plaintiff is the trustee of the estate of her dead husband who was traveling on I-80 when a driver [hired by] Robinson fell asleep and drove into oncoming traffic causing the subject collision....Alex Volkov did not bargain

> for the possibility of a horrific death caused by the negligent defendants but that is what he received."). The Court recognizes the devastation caused by the accident and certainly sympathizes with Plaintiff. Nevertheless, the Court cannot ignore the straightforward preemption analysis as laid out by the Supreme Court, and finds instructive the analysis in *Rowe v. New Hampshire Motor Transportation Association*, 552 U.S. 364 (2008). In *Rowe*, the Supreme Court found preempted Maine statutes regulating the delivery of tobacco products in spite of the State's argument that the laws were enacted in an "effort[ ] to protect its citizens' public health, particularly when those laws regulate so dangerous an activity as underage smoking." *Id.* at 373-74. The Supreme Court concluded that "[d]espite the importance of the public health objective, we cannot agree with Maine that the federal law creates an exception on that basis exempting state laws that it would otherwise pre-empt." *Id.* at 374. The Court finds no ground in the instant case on which to depart from this reasoning.
>
> Contrary to Plaintiffs' argument that a finding of preemption leaves her without a remedy, she may and has sought recourse against the carrier, Antioch, and its driver, Nguyen. Nor is Plaintiffs' reliance on § 14501(c) (2)(A), which provides that the FAAAA "shall not restrict safety *regulatory* authority of a State with respect to motor vehicles," persuasive. *Id.* (emphasis added). Plaintiff points to no convincing authority supporting the proposition that a state common law claim for negligent hiring constitutes a safety regulation of a motor vehicle.

*Volkova*, 2018 WL 741441, at *4.

13. As mentioned above, a similar result was achieved in California state court on October 16, 2017. *See Beverly Simpson, et al v. Omega Precision, Inc., et al,* Case No. 34-2017-00210287, Superior Court of the State of California County of Sacramento (opinion attached as Exhibit B). In that case, a freight broker was sued by the family of a driver of a retained motor carrier who was severely injured (and later died) while loading cargo onto his truck. The decedent's family sued the freight broker on a theory of negligence. The freight broker moved to dismiss the action arguing that the claims were preempted. After briefing and oral argument, the Court agreed that the claims against the freight broker were expressly preempted finding that:

> A freight broker is not a motor carrier. The broker does not control the means by which the motor carrier completes its task. At no time does the broker have care, custody or control over the cargo or the means of transportation. The preemption set forth in 49 U.S.C. § 14501(c)(1) provides statutory protection in recognition of the broker's limited role.

*Id.* These cases and others referenced above support the proposition that the instant alleged personal injury claims are preempted by federal statute.

14. Furthermore, there is no Fifth Circuit jurisprudence finding that removal on these grounds is not allowed, thus this removal is made in good faith. As such, removal of this action is proper under 28 U.S.C. § 1441 because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in federal court.

15. Additionally, civil actions are removable pursuant to 28 U.S.C. § 1331 without regard for the citizenship of the parties or the amount in controversy. *See* 28 U.S.C. § 1441.

16. This matter is therefore removable under 28 U.S.C. § 1441 in that it is a civil action over which the United States District Court for the Southern District of Texas has original subject matter jurisdiction under 28 U.S.C. § 1331.

**C. This is a case involving the original jurisdiction of this Court and thus subject to removal under 28 U.S.C. § 1337.**

17. As an additional ground, ALC submits that 28 U.S.C. § 1337 provides a potential ground for removal because the claims advanced by Plaintiff arise under an "Act of Congress regulating commerce or protecting trade and commerce against restraints . . . ." Freight brokers are transportation intermediaries created by Congress and state based claims that seek to enforce a state-law defined standard of care could be viewed as attempts at restraining commerce.

18. As this Court knows, "[f]ederal question jurisdiction exists if the well-pleaded

complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)). The first path, in which federal law creates the cause of action, is the most common path to federal-question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The second path, in which the well-pleaded complaint raises "significant federal issues," *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), is much less common. The United States Supreme Court recently explained the second path to federal-question jurisdiction as follows: "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (interpreting *Grable*).

19. In connection with the foregoing, ALC submits the instant dispute against a federally licensed freight broker arising from its licensed activities fits this second path as well. More particularly:

(1) The Plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law, i.e., the appropriate standard of care when selecting federally licensed motor carriers.

(2) The Plaintiff's allegations invoking state law negligence claims represent a dispute as to the effect and breadth of federal law as it regards freight brokers.

(3) The federal issue is substantial insofar as if the Plaintiff is correct that state law applies, freight brokers by necessity must conform to a patchwork of state law based duties of care when selecting federally licensed motor carriers to haul freight through interstate commerce.

(4) To the extent this Court may enforce the intent of Congress to constrain

> the power of the states to regulate the interstate transportation of goods as expressly provided by the ICCTA, this does not disrupt the federal state balance approved by Congress.

**D. <u>Venue is proper in this Court and effectuation of removal.</u>**

20. Venue is proper in this Court pursuant to 28 U.S.C. §1446(a), as the District Court for the Southern District of Texas is the district and division within which the State Court Action is pending.

21. ALC hereby removes this matter to the United States District Court for the Southern District of Texas.

22. ALC acted as a freight broker in connection with the transaction that is the subject of this action. The other defendants (save C.H. Robinson) are not freight brokers and consequently are not entitled to the above-referenced provision, 49 U.S.C. §14501(c)(1). Thus, only ALC and C.H. Robinson have the right to remove pursuant to the Court's original jurisdiction. As a consequence, ALC is not obligated to seek the joinder of the other non-freight broker defendants in connection with this Notice of Removal. *See* 28 U.S.C. § 1441(c)(2) ("Only defendants against whom a claim described in paragraph (1)(A) [original jurisdiction] has been asserted are required to join in or consent to the removal under paragraph (1)").

23. Notwithstanding the above and purely out of an abundance of caution, the following defendants, upon information and belief, have been served with process as reflected by the proofs of service filed with the Court and have consented to removal:

a. James Construction Group, LLC was served with process on February 20, 2019 via a process server. Counsel for James Construction Group, LLC has provided consent for the removal of this matter to federal court (See Exhibit C).

b. Stevie Trucking Corporation was served with process on February 21, 2019. Counsel for Stevie Trucking Corporation has provided consent for the removal of this matter to federal court (See Exhibit C).

c. William Rawlings was served with process on February 21, 2019. Counsel for William Rawlings has provided consent for the removal of this matter to federal court (See Exhibit C).

d. Traffic Solutions, Inc. was served with process on March 22, 2019. Counsel for Traffic Solutions, Inc. has provided his consent for the removal of this matter to federal court (See Exhibit C).

e. Volkert, Inc. was served with process on June 19, 2019. Counsel for Volkert, Inc. has provided onsent for the removal of this matter to federal court (See Exhibit C).

f. Barriere Construction Co., LLC was served with process on June 20, 2019. Counsel for Barriere Construction Co., LLC has provided consent for the removal of this matter to federal court (See Exhibit C).

g. Primoris Service Corporation was served with process on June 19, 2019. Counsel for Primoris Service Corporation has provided consent for the removal of this matter to federal court (See Exhibit C).

h. GEC, Inc. was served with process on June 25, 2019. Counsel for GEC, Inc. has provided consent for the removal of this matter to federal court (See Exhibit C).

i. C.H. Robinson was served with process on August 29, 2019. Counsel for C.H. Robinson has provided consent for the removal of this matter to federal court (See Exhibit C).

24. The jurisdictional allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

25. Pursuant to Southern District of Texas Local Rule 81, Defendant is also filing the following documents with the Court:

- an index of matters being filed with this notice, which is attached as Exhibit A;
- a copy of all executed process in Cause No. 2019-11070. which is attached as Exhibit D;
- all pleading asserting causes of action and all answers in the state court action with Cause No. 2019-11070 are attached as Exhibit E;
- all orders signed in Cause No. 2019-11070 are attached as Exhibit F;
- a copy of the docket in the state court action with Cause No. 2019-11070 is

attached to this notice as Exhibit G; and,

- a list of all counsel of record, including addresses, telephone numbers, and parties represented in the state court case is attached as Exhibit H.

26. Defendant will promptly file a Notice of Filing Removal with a copy of this Notice of Removal with the clerk of the state court in which the action is then pending.

27. By virtue of this Notice of Removal, ALC does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure. Further, ALC reserves the right to submit additional evidence and assert supplemental grounds in support of removal as appropriate in future circumstances.

28. Plaintiff did demand a trial by jury in the state court action.

Respectfully submitted,

FRILOT L.L.C.

/s/Andrew S. de Klerk *

Andrew S. de Klerk (LA 1045)
Federal I.D. No. 31121
adeklerk@frilot.com
T. Patrick O'Leary (LA 30655)
Federal I.D. No. 1515080
poleary@frilot.com
Brandon K. Thibodeaux (LA 32725)
Federal I.D. No. 1515072
bthibodeaux@frilot.com
3700 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3700
Telephone: (504) 599-8010
Facsimile: (504) 599-8110
Attorneys-in-Charge

** Signed by permission*

-and-

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

/s/ Robert L. Klawetter

Robert L. Klawetter
Fed. ID No. 2471
klawetter@easthamlaw.com
Christina K. Schovajsa
Fed. ID No. 30347
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 225-0905
Facsimile: (713) 225-2907

*As local counsel for Defendant*
*Allen Lund Company, LLC*

**CERTIFICATE OF SERVICE**

I certify that that I forwarded a true and correct copy of the foregoing to all counsel of record on this the **23rd** day of **September, 2019**.

***Via U.S. and Electronic Mail***
Vuk S. Vujasinovic
VB Attorneys
6363 Woodway, Suite 400
Houston, Texas 77056

***Via U.S. and Electronic Mail***
Keith R. Taunton
Taunton, Snyder & Parish, P.C.
580 Westlake Park Blvd., Suite 1120
Houston, TX 77079

***Via U.S. and Electronic Mail***
Jim Rivera
Scofield & Rivera, LLC
100 E. Vermilion, Suite #301
Lafayette, Louisiana 70502

***Via U.S. and Electronic Mail***
Chris M. Volf
Johanson & Fairless, L.L.P.
1456 First Colony Blvd.
Sugar Land, Texas 77479

***Via U.S. and Electronic Mail***
H. Dwayne Newton
Newton, Jones & Spaeth
3405 Marquart
Houston, Texas 77027

***Via U.S. and Electronic Mail***
Thomas W. Fee
Fee, Smith, Sharp & Vitullo, L.L.P.
2777 Allen Parkway, Suite 800
Houston, Texas 77019

***Via U.S. and Electronic Mail***
Norman E. Snyder, Jr.
Taunton, Snyder & Parish, P.C
580 Westlake Park Blvd., Suite 1120
Houston, Texas 77079

***Via U.S. and Electronic Mail***
Grant Gealy
Mills Shirley L.L.P.
3 Riverway, Suite 670
Houston, Texas 77056

***Via U.S. and Electronic Mail***
Roland G. Hamilton
Kane Russell Coleman & Logan, PC
5051 Westheimer, 10th Floor
Houston, Texas 77056

/s/ Robert L. Klawetter
Robert L. Klawetter